United States District Court
for the
Southern District of Florida

| | |
|---|---|
| K1 Speed, Inc., Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 23-20122-Civ-Scola |
| | ) |
| WMG Medley Owner, LLC, | ) |
| Defendant. | ) |

### Order Granting Motion to Dismiss

This matter is before the Court on the Defendant WMG Medley Owner, LLC's ("WMG") motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3). (ECF No. 34.) The Plaintiff K1 Speed, Inc. ("K1") has responded to the motion (ECF No. 37), and WMG has replied (ECF No. 38). Having reviewed the record, the parties' briefs, and the relevant legal authorities, the Court **grants** WMG's motion. (**Mot., ECF No. 34**.)

This action arises out of a dispute between the parties over the terms of a commercial lease concerning the property located at 86 NW S River Drive, Suite 1, Medley, Florida 33166. (Am. Compl. ¶ 1, ECF No. 11.) K1 seeks a declaratory judgment that it is not required to pay WMG monthly operating expenses under the lease. (*Id.*) K1 filed the action in this Court by invoking subject matter jurisdiction pursuant to 28 U.S.C. § 1332. (*Id.* ¶ 4.) It alleged that there is complete diversity between the parties because it is a corporation with citizenship in California and Delaware, and that WMG is an LLC whose members are citizens of Florida and Virginia. (*Id.* ¶ 5.) K1 also alleged that the amount in controversy exceeds the $75,000 threshold because the aggregate amount of disputed payment obligations over the remaining lease term exceeds $150,000. (*Id.* ¶ 6.)

Initially, WMG filed its answer and affirmative defenses to the complaint and apparently conceded the veracity of K1's jurisdictional allegations. (*See* Answer ¶¶ 4–6, ECF No. 14.) However, a couple of months later, WMG acquired new counsel, and, shortly after, filed the motion to dismiss that is the subject of this order. In the motion, WMG argues that, in fact, there is no diversity between the parties and that, as such, the Court lacks subject matter jurisdiction. (Mot., ECF No. 39.) WMG agrees that K1, as a Delaware corporation whose principal place of business is in California, is a citizen of California and Delaware. (*Id.* at 2.) Contrary to K1's allegations, however, WMG presents evidence that one of its members is also a citizen of California. Specifically, it posits that WMG has as its only member, WMG Medley

Mezzanine, LLC ("Medley Mezzanine"), which itself has only one member, WMG Medley Partners, LLC ("Medley Partners"). (*Id.* at 8–9.) Medley Partners, in turn, has 26 members, 9 of which are Trusts, and one of those Trusts is the Jacob J. Wakshlag Revocable Trust (the "JJW Trust"). (*Id.* 9.) The JJW Trust is a traditional trust, the trustee of which was a citizen of California as of the time this lawsuit was filed. (*Id.* at 10.) Because both sides have citizens from California, WMG argues, diversity is destroyed, and this Court lacks subject matter jurisdiction.

In its response to WMG's motion to dismiss, K1 does not dispute that this action should be dismissed for lack of subject matter jurisdiction. (*See* Resp., ECF No. 37.) Indeed, K1 concedes that it does not possess facts or information which would permit it to refute WMG's contentions as to the citizenship of the JJW Trust. K1 only opposes WMG's motion to the extent it also seeks an award of attorneys' fees and costs.

For diversity jurisdiction to exist the parties must be diverse—meaning that the dispute must be between citizens of different states. 28 U.S.C. § 1332(a)(1) (2006). Diversity jurisdiction requires "complete diversity of citizenship," meaning no one on either side can be citizens of the same state. *Carden v. Arkoma Assocs.*, 494 U.S.185, 187 (1990). In the Eleventh Circuit, the citizenship of a limited liability company is determined, for diversity purposes, by the citizenship of all the members composing the entity. *Rolling Greens MHP v. Comcast SCH Holdings, LLC*, 374 F.3d 1020, 1021–22 (11th Cir. 2004). A limited liability company is a citizen of any state of which a member is a citizen. *Id.* at 1022. To sufficiently allege the citizenship of a limited liability company, a party must list all the members of the limited liability company along with each member's citizenship. *Id.* Where the member of an LLC is a traditional trust, the trust holds the citizenship of its trustee. *See Alliant Tax Credit 31 v. Murphy*, 924 F.3d 1134, 1143 (11th Cir. 2019) ("A 'traditional trust' holds the citizenship of its *trustee*, not of its beneficiaries.").

Upon a detailed review of WMG's motion to dismiss for lack of subject matter jurisdiction and its supporting exhibits, the Court agrees with WMG that complete diversity of citizenship is missing here because both sides maintain citizenship in California. The Court finds it especially persuasive in this regard that K1 makes no effort to dispute WMG's jurisdictional arguments, instead focusing on whether WMG may be entitled to attorneys' fees and costs. The Court will not address that latter issue at this time because WMG has yet to make a formal motion for attorneys' fees and costs, which includes adequate legal authorities and factual support. If WMG does make such a motion, K1 will have an opportunity to respond, and the Court will address the issue in due course.

Accordingly, for the reasons set forth above, the Court **grants** WMD's motion to dismiss for lack of subject matter jurisdiction, thus dismissing this case **without prejudice**. (**Mot., ECF No. 34**.) The Clerk is directed to **close** this case. Any pending motions are **denied as moot**.

**Done and ordered**, in Miami, Florida, on October 17, 2023.

_____
Robert N. Scola, Jr.
United States District Judge